Thomas I. Rozsa, State Bar No. 080615
Zsofia Nemeth, State Bar No. 298240
**ROZSA LAW GROUP LC**
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990
Facsimile (818) 783-0992
Email: counsel@rozsalaw.com
Attorneys for Top Industrial, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (SOUTHERN DIVISION)

|  |  |
|---|---|
| TOP INDUSTRIAL, INC., a corporation of California,<br><br>Plaintiff,<br><br>vs.<br><br>BUILDER'S NETWORK, INC., a corporation of California, doing business as TLS LABORATORIES; GENE SUMMY, an individual, and DOES 1-10, Inclusive,<br><br>Defendants. | **CASE NO.: 8:19-cv-2444**<br>**COMPLAINT FOR:**<br>1. **DECLARATORY RELIEF FOR NONINFRINGEMENT OF U.S. PATENT 7,735,291**<br>2. **DECLARATORY RELIEF FOR NONINFRINGEMENT OF U.S. PATENT 9,032,688**<br>3. **DECLARATORY RELIEF FOR NONINFRINGEMENT OF U.S. PATENT 9,458,627**<br>4. **DECLARATORY RELIEF FOR NONINFRINGEMENT OF U.S. PATENT 10,227,814**<br>5. **DECLARATORY RELIEF FOR INVALIDITY AND UNENFORCEABILITY OF U.S. PATENT 10,227,814**<br>6. **FALSE DESCRIPTION**<br>7. **CALIFORNIA UNFAIR COMPETITION**<br>8. **INTENTIONAL INTERFERENCE WITH CONTRACT**<br>9. **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**<br><br>**DEMAND FOR JURY TRIAL** |

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

COMES NOW Plaintiff TOP INDUSTRIAL, INC. (hereafter "Top" or "Plaintiff") and for its Complaint against BUILDER'S NETWORK, INC., a corporation of California, doing business as TLS LABORATORIES (hereafter "TLS Labs") and GENE SUMMY, an individual (hereafter "Summy") (TLS Labs and Summy hereafter jointly "Defendants"), and DOES 1-10, complains and alleges as follows:

## NATURE OF THE ACTION

1.     Plaintiff is a supplier of leak and squeak preventing products that are offered for sale and sold to contractors, developers, distributors and industrial customers under Plaintiff's Rain Buster® brand, including, without limitation, a wide range of sealants, adhesives, flashings/tapes, corners, and building wraps.

2.     Plaintiff has been and is selling its Rain Buster® products for decades. In or about 2016, Plaintiff introduced its RainBuster 430 Recess Quick Corner (hereafter "RainBuster 430") product line to the market, which was well received by Plaintiff's customers and the construction industry in general.

3.     On or about October 9, 2019, Plaintiff received a cease and desist letter from counsel representing TLS Labs in intellectual property matters (hereafter "C&D Letter"). A true and correct copy of the C&D Letter is attached hereto as **Exhibit 1** and incorporated by reference. The C&D Letter provided Plaintiff up to and including October 28, 2019, to respond.

4.     In the C&D Letter, TLS Labs asserted that Plaintiff, through the making, using, offering and selling of its RainBuster 430 products, infringed upon "one or more claims of TLS Labs' U.S. Patent Nos. 7,735,291; 9,032,688; 9,458,627; and 10,227,814 (TLS Patents)."

5.     Other than making a general allegation of patent infringement, the C&D Letter of TLS Labs sent to Plaintiff did not set forth any details about which

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Rozsa Law Group LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

claim or claims of which patent TLS Labs was asserting against which product or products of Plaintiff. Further, the C&D Letter did not include any claim chart showing which ones of Plaintiff's accused products, if any, contained each and every element of any of the claims of the asserted TLS Patents.

6.     Plaintiff is informed and believes and based thereon alleges that Summy is the purported inventor of U.S. Patent Nos. 7,735,291; 9,032,688; 9,458,627; and 10,227,814 (hereafter, respectively, "'291 Patent", "'688 Patent", "'627 Patent" and "'814 Patent"; all of them jointly "TLS Patents"). Plaintiff is further informed and believes and based thereon alleges that Summy is the record owner of the TLS Patents. True and correct copies of U.S. Patent Nos. 7,735,291; 9,032,688; 9,458,627; and 10,227,814 are attached hereto as **Exhibits 2, 3, 4** and **5**, respectively, and are incorporated by reference.

7.     Plaintiff is informed and believes and based thereon alleges that in addition to the C&D Letter, notices of patent infringement asserting that the RainBuster 430 products infringed upon the TLS Patents were sent to Plaintiff's downstream customers as well.

8.     Plaintiff is informed and believes and based thereon alleges that Summy is a shareholder and principal officer of TLS Labs. Plaintiff is also informed and believes and based thereon alleges that Summy was an officer of TLS Labs who made the decision to send patent infringement notices to Plaintiff's downstream customers, who personally approved the content of the patent infringement notices, and who also initiated the patent infringement notices being sent to Plaintiff's downstream customers.

9.     Plaintiff is informed and believes and based thereon alleges that TLS Labs and/or Summy sent their patent infringement notices to Plaintiff's downstream customers without affording Plaintiff time to respond to the C&D Letter. Plaintiff is further informed and believes and based thereon alleges that

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Plaintiff's downstream customers who received patent infringement notices from TLS Labs and/or Summy include, without limitation, the Irvine Company. Plaintiff is informed and believes and based thereon alleges that these patent infringement notices falsely claim that the RainBuster 430 products infringe the TLS Patents, and they threaten Plaintiff's downstream customers with enforcement actions for patent infringement.

10.    Plaintiff is informed and believes and based thereon alleges that the patent infringement notices of TLS Labs and/or Summy sent to Plaintiff's downstream customers were baseless, and they were sent in bad faith. Plaintiff is further informed and believes and based thereon alleges that Defendants were well aware that Plaintiff's downstream customers, including, without limitation, the Irvine Company, were customers of Plaintiff.  Plaintiff is also informed and believes and based thereon alleges that Defendants were also well aware that a patent infringement notice would highly likely cause Plaintiff's downstream customers to cease doing business with Plaintiff, causing the loss of sales of not only the RainBuster 430 products but also the entire Rain Buster® window installation system. Additionally, Defendants were aware that their infringement notice would highly likely cause the loss of sales of other, unrelated Rain Buster® leak and squeak preventing products and would likely hinder Plaintiff's future ability to sell additional or new products to the downstream customer.

11.    Plaintiff is informed and believes and based thereon alleges that Defendants, and Summy in particular, are well aware that builders and developers specify and/or utilize entire window installation systems that use the same brand for sealant, flashing and corners. Plaintiff is informed and believes and based thereon alleges that Defendants supply their own corners to Plaintiff's competitors. Therefore, Plaintiff further alleges that Defendants are well aware that their notices patent infringement accusing the RainBuster 430 products of infringement would

highly likely cause Plaintiff's downstream customers to utilize and/or specify a competitor's window installation system instead of Plaintiff's, resulting in sales for Defendants to the detriment of Plaintiff.

12.    Plaintiff is informed and believes and based thereon alleges that on or about October 25, 2019, prior to the deadline specified in the C&D Letter and with utter disregard to giving Plaintiff an opportunity to respond to the allegations, TLS Labs and/or Summy proceeded to send their cease and desist letters to Plaintiff's downstream customers that contained knowingly false claims of patent infringement, with an aim to harm Plaintiff's business and to divert business from Plaintiff to the Defendants and/or to Plaintiff's competitors who utilize Defendants' window corner products.

13.    In November, 2019, counsel for Plaintiff and counsel for TLS Labs engaged in a communication about the allegations of the C&D Letter. However, no commitment was made by counsel for TLS Labs as to the claims asserted, and to date, Plaintiff has not received a specific list of asserted claims, nor a claim chart setting forth in detail how the asserted claims read on any of Plaintiff's accused products. The only claim that was specifically discussed by counsel was claim 1 of the '814 Patent, but the parties remain in dispute as to its scope and validity.

14.    Plaintiff seeks declaratory relief on patent non-infringement of the TLS Patents, and declaratory relief that the '814 Patent is invalid and unenforceable, *inter alia*, under 35 U.S.C. §§102, 103 and/or 112. In addition, Plaintiff seeks injunctive relief and damages for the Defendants' violations of the Lanham Act, 15 U.S.C. §1125, Cal. Bus. & Prof. Code §17200, and tortious interference.

//

//

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## THE PARTIES

15.     Plaintiff TOP INDUSTRIAL, INC. is a corporation duly organized and in good standing under the laws of the State of California, with a principal business address located in Van Nuys, California.

16.     Plaintiff is informed and believes and based thereon alleges that BUILDER'S NETWORK, INC., doing business as TLS LABORATORIES, is a corporation of California with a principal business address located in Laguna Niguel, California.

17.     Plaintiff is informed and believes and based thereon alleges that GENE SUMMY is an individual, who is the purported inventor of the TLS Patents. Plaintiff is further informed and believes and based thereon alleges that Summy is a shareholder and a principal officer of TLS Labs, who directs, controls and ratifies the actions of TLS Labs. Plaintiff is further informed and believes and based thereon alleges that Summy maintains a residence in this judicial district.

18.     Plaintiff is informed and believes and based thereon alleges that Summy is a shareholder and principal officer of TLS Labs. Plaintiff is also informed and believes and based thereon alleges that Summy was an officer of TLS Labs who made the decision to send patent infringement notices to Plaintiff's downstream customers, who personally approved the content of the patent infringement notices, and who also initiated the patent infringement notices being sent to Plaintiff's downstream customers.

19.     Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sues such defendants by such fictitious names. At such time as the true names and capacities of these DOE defendants are ascertained, Plaintiff will seek leave of the Court to amend its Complaint to allege their true names and capacities.

20.     Plaintiff is informed and believes and based thereon, alleges that at all times mentioned herein, Defendants, and each of them, were and are the agents, servants, employees, parents, subsidiaries, and/or co-conspirators of each other, and were and are acting within the scope of such agency or employment, parent ownership, or subsidiary ownership, or otherwise participated in the improper conduct alleged herein. Each of the Defendants is in some form or manner responsible for the conduct herein complained of, and Plaintiff's harm and damages are proximately caused by the conduct of each.

## JURISDICTION AND VENUE

21.     This is a declaratory action for patent non-infringement and patent invalidity and/or unenforceability. This Complaint arises under the Patent Laws of the United States, 35 U.S.C. §100 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §2201 and 2202, based upon an actual controversy between the parties to declare that Plaintiff is free to manufacture, import, distribute, use, market, sell and/or offer to sell its accused RainBuster 430 products sold to the downstream customers of Plaintiff, including, without limitation, the Irvine Company.

22.     This Court has original jurisdiction over the subject matter of the causes of action of patent non-infringement and patent invalidity, pursuant to Article 1, Section 8 of the United States Constitution, and pursuant to the provisions of 28 U.S.C. §§ 1331, 1338, 1367 and 2201.

23.     This Court has personal jurisdiction over TLS Labs that has its headquarters and principal place of business in this judicial district.

24.     This Court has personal jurisdiction over Summy, who is an officer of TLS Labs, and who, on information and belief, resides in this judicial district. Plaintiff is informed and believes and based thereon alleges that Summy personally directs, controls and ratifies the actions of TLS Labs, including, the decision to send cease and desist letters to Plaintiff's customers on behalf of TLS Labs.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Plaintiff is further informed and believes and based thereon alleges that Summy is the agent for service of process for TLS Labs at the principal place of business of TLS Labs, 27324 Camino Capistrano #103, Laguna Niguel, California 92677.

25.    Plaintiff is also informed and believes and based thereon alleges that the records of the United States Patent and Trademark Office (hereafter "USPTO") show that Summy's residence address is at 372 Sable, Las Flores, California 92688.

26.    Plaintiff is informed and believes and based thereon, alleges that the Defendants are subject to the personal jurisdiction of this Court because the Defendants have committed and/or actively induced the improper acts complained of herein, in this judicial district. Plaintiff is informed and believes and based thereon, alleges that Defendants have substantial and continuous contacts with California, they have purposefully availed themselves of the privilege of doing business in California, and have, through their claims of infringement, affected the market for Plaintiff's products in California.

27.    The Defendants made threats of litigation for patent infringement in writing, which affects the Plaintiff's business in that its products are shipped to customers and potential customers in California which creates uncertainty and confusion within this judicial district.

28.    Plaintiff is informed and believes and based thereon, alleges that venue is proper in this judicial district under 28 U.S.C. §§ 1391and 1400, in that, Defendants are headquartered and reside in this judicial district, the Defendants are subject to the personal jurisdiction of this Court and, inter alia, the matters in controversy arise out of the activities undertaken in this judicial district.

//

//

# FACTUAL ALLEGATIONS

29.     As set forth above, Plaintiff is a supplier of leak and squeak preventing products under the Rain Buster® brand, including, without limitation, a wide range of sealants, adhesives, flashings/tapes, corners, and building wraps.

30.     Plaintiff is the owner by assignment of U.S. Patent No. 9,745,791 for "Corner Flashing Insert for Recessed Windows" issued on August 29, 2017, from Application No. 15/137,308 filed on April 25, 2016 (hereafter Top Patent). Plaintiff's RainBuster 430 products practice the invention disclosed in and protected by the Top Patent. A true and correct copy of the Top Patent is attached hereto as **Exhibit 6** and incorporated by reference.

31.     The '291 Patent and the '688 Patent were cited as prior art references in Application No. 15/137,308 that matured into the Top Patent. Therefore, the disclosures and claims of the '291 Patent and the '688 Patent were considered during the prosecution of the Top Patent. The USPTO  found the invention disclosed in the Top Patent patentable over the disclosures and claims of the '291 Patent and the '688 Patent, and issued the Top Patent.

32.     The Top Patent issued on August 29, 2017. Plaintiff is informed and believes and based thereon alleges that at the time the Top Patent issued, Application No. 15/284,314, a continuation based on the application that became the '291 Patent, was still pending with the USPTO and ultimately issued as the '814 Patent. Plaintiff is informed and believes and based thereon alleges that Defendants were also aware of Plaintiff's RainBuster 430 products while Summy's continuation application which ultimately issued as the '814 Patent was still pending with the USPTO.

33.     Plaintiff is further informed and believes and based thereon alleges that on or about December 5, 2017, fully aware of Plaintiff's RainBuster 430 products, and fully aware of the disclosure and claims of the Top Patent, Summy

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

submitted an amendment to Application No. 15/284,314, cancelling all previously submitted claims 1-13 and adding new claims 14-25.

34.   Plaintiff is informed and believes and based thereon alleges that the TLS Patents are all based on the same disclosure, Application No. 10/975,960, filed on Oct. 28, 2004, now the '291 Patent, since the TLS Patents are all continuations stemming from Application No. 10/975,960.

35.   The C&D Letter TLS Labs sent to Plaintiff on or about October 9, 2019, alleged the infringement of the TLS Patents by the virtue of Plaintiff's manufacture and sales of the RainBuster 430 products, but it failed to provide any specific information to Plaintiff as to which claims of the TLS Patents were purportedly infringed. Furthermore, the C&D Letter also failed to set forth which RainBuster 430 product(s) purportedly incorporated each and every element of a single claim of any of the TLS Patents, if any, and if there was such a product, how did it incorporate each element of a single claim.

36.   On or about October 28, 2019, Plaintiff, through its counsel, responded to the C&D Letter addressing the claims of infringement. Plaintiff pointed out to TLS Labs that the '291 Patent and the '688 Patent were considered during the prosecution of the Top Patent, and the RainBuster 430 products were found patentable over the disclosure set forth in the '291 Patent and the '688 Patent. A true and correct copy of Plaintiff's aforementioned response is attached hereto as **Exhibit 7** and incorporated by reference.

37.   Plaintiff is informed and believes and based thereon alleges that each claim of each one of the TLS Patents includes at least one claim limitation that is not present in the accused RainBuster 430 products barring a finding of patent infringement.

38.   Plaintiff is further informed and believes and based thereon, alleges that the '814 Patent is invalid for, without limitation, anticipation, obviousness,

Rozsa Law Group LC
Attorneys At Law
18757 Burbank Boulevard, Suite 220
Tarzana, California 91356-3346
Telephone (818) 783-0990

insufficient disclosure and indefiniteness. The '814 Patent is invalid, because, without limitation, it is obvious in light of the prior art.

39.    Plaintiff is informed and believes and based thereon, alleges that prior art that disclosed and/or practiced each claim element of the '814 Patent was known or used by others in this country, or was described in a printed publication in this country prior to the effective filing date of the '814 Patent.

40.    Plaintiff is informed and believes and based thereon, alleges that the '814 Patent is invalid for failing to comply with the specification requirements of 35 U.S.C. §112, such as insufficient disclosure and indefinite claim elements.

41.    Plaintiff is informed and believes and based thereon, alleges that the written description of the '814 Patent fails to disclose elements claimed by the '814 Patent in such full, clear, concise, and exact terms as to allow a person having ordinary skill in the art to make and use the claimed invention.

42.    Plaintiff is informed and believes and based thereon, alleges that the claim language of the '814 Patent, when read in light of the specification, its figures and prosecution history, fails to inform, with reasonable certainty, those skilled in the art about elements of the claimed invention.

43.    As such, an immediate, real, and justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff is infringing or has infringed the TLS Patents, and whether the '814 Patent is valid and enforceable.

44.    For all the reasons stated herein, Plaintiff has a reasonable apprehension that Defendant will enforce the TLS Patents against Plaintiff and/or Plaintiff's customers, and Defendant will continue to send infringement notices and cease and desist letters to Plaintiff's customers with an aim to harm Plaintiff's business and to divert business from Plaintiff to the Defendants and/or to Plaintiff's competitors who utilize Defendants' products.

45.     Plaintiff is informed and believes and based thereon alleges that it is highly likely that as a result of Defendants' patent infringement notices, Plaintiff's downstream customers may cease utilizing or specifying in their future plans the RainBuster 430 products and/or the entire Rain Buster® window installation system and instead utilize or specify the window installation systems of Plaintiff's competitors that incorporate Defendants' window corner products, or, they may even entirely terminate the business relationship with Plaintiff. Further, such decisions by Plaintiff's downstream customers may not become known to Plaintiff for several months because of the time it normally takes Plaintiff's downstream customers to implement their future plans, and for the resulting loss of related orders of Plaintiff's products to become visible and known.

## FIRST CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '291 Patent)

46.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 45, above.

47.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '291 Patent as properly construed, directly, indirectly or contributorily, either literally, or under the doctrine of equivalents, at least because the RainBuster 430 products lack one or more of the elements required by one or more claims of the '291 Patent.

48.     There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendants concerning the non-infringement of the '291 Patent.

49.     Plaintiff is therefore entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the '291 Patent as properly construed,

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

Rozsa Law Group LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

directly, indirectly or contributorily, either literally or under the doctrine of equivalents.

50.     Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

## SECOND CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '688 Patent)

51.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 50, above.

52.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '688 Patent as properly construed, directly, indirectly or contributorily, either literally, or under the doctrine of equivalents, at least because the RainBuster 430 products lack one or more of the elements required by one or more claims of the '688 Patent.

53.     There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendants concerning the non-infringement of the '688 Patent.

54.     Plaintiff is therefore entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the '688 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents.

55.     Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

## THIRD CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '627 Patent)

56.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 55, above.

57.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '627 Patent as properly construed, directly, indirectly or contributorily, either literally, or under the doctrine of equivalents, at least because

the RainBuster 430 products lack one or more of the elements required by one or more claims of the '627 Patent.

58.     There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendants concerning the non-infringement of the '627 Patent.

59.     Plaintiff is therefore entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the '627 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents.

60.     Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

## FOURTH CAUSE OF ACTION

### (Declaratory Judgment of Non-Infringement of the '814 Patent)

61.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 60, above.

62.     Plaintiff has not infringed and does not infringe any valid and enforceable claim of the '814 Patent as properly construed, directly, indirectly or contributorily, either literally, or under the doctrine of equivalents, at least because the RainBuster 430 products lack one or more of the elements required by one or more claims of the '814 Patent.

63.     There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendants concerning the non-infringement of the '814 Patent.

64.     Plaintiff is therefore entitled to a declaratory judgment that it has not infringed any valid and enforceable claim of the '814 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents.

65.     Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## FIFTH CAUSE OF ACTION

### (Declaratory Judgment of

### Invalidity and/or Unenforceability of the '814 Patent)

66.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 65, above.

67.    The claims of the '814 Patent are invalid for failure to meet the statutory requirements and/or the requirements specified in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

68.    As one example, the claims of the '814 Patent are invalid under 35 U.S.C. §102 as anticipated by relevant prior art that disclosed and/or practiced each claim element of the '814 Patent prior to the effective filing date of the '814 Patent.

69.    As another example, the claims of the '814 Patent are invalid under 35 U.S.C. §103 as obvious in light of the relevant prior art that disclosed and/or practiced each claim element of the '814 Patent prior to the effective filing date of the '814 Patent.

70.    As a further example, the claims of the '814 Patent are invalid for failing to comply with the specification requirements of 35 U.S.C. §112, such as insufficient disclosure and indefinite claim elements.

71.    There is a substantial, immediate, and actual controversy, within the meaning of 28 U.S.C. §2201 and 2202, between Plaintiff and Defendants concerning the invalidity and unenforceability of the '814 Patent.

72.    Plaintiff is therefore entitled to a declaratory judgment that the claims of the '814 Patent are invalid or unenforceable for failing to satisfy one or more of the conditions specified in in Title 35 of the United States Code, including, but not limited to 35 U.S.C. §§ 101, 102, 103, and 112.

73.    Plaintiff is further entitled to attorneys' fees under 35 U.S.C. §285.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

## SIXTH CAUSE OF ACTION

### (False Description)

74.   Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 73, above.

75.   The assertions of TLS Labs and/or Summy to the Irvine Company, and other downstream customers of Plaintiff, that the TLS Patents were infringed by Plaintiff, were false and were made in bad faith.

76.   The notices of infringement of TLS Labs and/or Summy to Plaintiff's downstream customers, including the Irvine Company, tend to materially deceive Plaintiff's downstream customers.

77.   Plaintiff sells the RainBuster 430 products in interstate commerce and the notices of infringement to Plaintiff's downstream customers, including the Irvine Company, entered interstate commerce and have a likelihood to cause Plaintiff to lose sales and goodwill.

78.   Plaintiff is entitled to damages and injunctive relief against the Defendants in an amount to be determined at trial, together with prejudgment interest, attorneys' fees and costs under 15 U.S.C. §1117(a).

## SEVENTH CAUSE OF ACTION

### (California Unfair Competition)

79.   Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 78, above.

80.   Defendants engaged in violations of California's Unfair Competition Law, Cal. Bus. And Prof. Code §17200 *et seq*. (hereafter "UCL") by engaging in unfair and unlawful business acts or practices. As a result of Defendants' unfair and unlawful conduct, the Plaintiff has suffered and continue to suffer injury-in-fact, including, without limitation, ongoing competitive injury.

81.    Defendants' business acts and practices were unfair and unlawful within the meaning of the UCL because, without limitation, TLS Labs and/or Summy falsely claimed in their notices of infringement to Plaintiff's downstream customers that Plaintiff infringed the TLS Patents by offering for sale and selling the RainBuster 430 products, when of TLS Labs and/or Summy knew no such infringement was occurring and/or that the '814 Patent was invalid. The notices of infringement of TLS Labs and/or Summy were false, and Defendants submitted their false notices of infringement in bad faith.

82.    As a result of Defendants' unfair and unlawful business acts or practices, Plaintiff has suffered irreparable injury and, unless the Defendants are enjoined from such conduct, will continue to suffer irreparable injury, whereby Plaintiff has no adequate remedy at law.

83.    Plaintiff is entitled to restitution and appropriate injunctive relief pursuant to the Court's powers under the UCL.

## EIGHTH CAUSE OF ACTION

### (Intentional Interference with Contract)

84.    Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 83, above.

85.    Plaintiff is informed and believes and based thereon alleges that TLS Labs and/or Summy have been and are aware of the fact that a business relationship exists between Plaintiff and Plaintiff's downstream customers, including, without limitation, the Irvine Company.

86.    TLS Labs and/or Summy sent notices of patent infringement to Plaintiff's downstream customers, including the Irvine Company, with full knowledge of Plaintiff's business relationship with these downstream customers. The notices of infringement of TLS Labs and/or Summy were false, and Defendants submitted their false notices of infringement in bad faith.

87.     The intentional acts of TLS Labs and/or Summy, namely, sending notices of infringement to Plaintiff's downstream customers, were designed to disrupt Plaintiff's contractual relationship with Plaintiff's downstream customers.

88.     Defendants succeeded in disrupting Plaintiff's contractual relationship with Plaintiff's downstream customers, causing damage to Plaintiff by having Plaintiff's products substituted in the future plans of Plaintiff's downstream customers, and as a result, Plaintiff's business with its downstream customers may be suspended.

89.     As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial together with attorneys' fees and prejudgment interest. In addition, Plaintiff is entitled to exemplary damages in an amount to be determined at trial under Cal. Civ. Code §3294(a).

## NINTH CAUSE OF ACTION

### (Intentional Interference with Prospective Economic Advantage)

90.     Plaintiff repeats, realleges and incorporates by reference, as though fully set forth herein, the allegations contained in Paragraphs 1 – 89, above.

91.     Plaintiff has an economic relationship with Plaintiff's downstream customers. Plaintiff has been selling the RainBuster 430 products to its downstream customers, and has the probability of being able to do so in the future.

92.     TLS Labs and/or Summy knew about Plaintiff's relationship with Plaintiff's downstream customers, and their intentional actions, namely, sending notices of infringement to Plaintiff's downstream customers, were designed to disrupt Plaintiff's economic relationship with Plaintiff's downstream customers.

93.     Defendants succeeded in disrupting Plaintiff's economic relationship with Plaintiff's downstream customers, causing damage to Plaintiff by having Plaintiff's products, including the accused RainBuster 430 products and the window installations systems that contain these products, replaced in the future

plans of Plaintiff's downstream customers, and by compromising the business relationship between Plaintiff and its downstream customers.

94.    Defendants' notices of infringement were false, and Defendants submitted their false notices of infringement in bad faith. Further, Defendants knew that their notices of infringement were certain or substantially certain to disrupt Plaintiff's relationship with Plaintiff's downstream customers.

95.    As a result of the foregoing, Plaintiff has been damaged in an amount to be determined at trial together with attorneys' fees and prejudgment interest. In addition, Plaintiff is entitled to exemplary damages in an amount to be determined at trial under Cal. Civ. Code §3294(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against the Defendants as follows:

1.    That this Court declare that Plaintiff has not infringed any valid and enforceable claim of the '291 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents;

2.    That this Court declare that Plaintiff has not infringed any valid and enforceable claim of the '688 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents;

3.    That this Court declare that Plaintiff has not infringed any valid and enforceable claim of the '627 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents;

4.    That this Court declare that Plaintiff has not infringed any valid and enforceable claim of the '814 Patent as properly construed, directly, indirectly or contributorily, either literally or under the doctrine of equivalents;

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

5.    That this Court declare that the '814 Patent is invalid and/or unenforceable;

6.    That this Court order the Defendant to withdraw any and all of his notices of infringement to any and all of Plaintiff's customers and/or distributors concerning the RainBuster 430 products and the TLS Patents;

7.    That this Court issue a preliminary and then a permanent injunction enjoining the Defendants, their agents, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert or participation with him from claiming that Plaintiff and/or other sellers of the RainBuster 430 products infringe the '291 Patent;

8.    That this Court issue a preliminary and then a permanent injunction enjoining the Defendants, their agents, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert or participation with him from claiming that Plaintiff and/or other sellers of the RainBuster 430 products infringe the '688 Patent;

9.    That this Court issue a preliminary and then a permanent injunction enjoining the Defendants, their agents, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert or participation with him from claiming that Plaintiff and/or other sellers of the RainBuster 430 products infringe the '627 Patent;

10.    That this Court issue a preliminary and then a permanent injunction enjoining the Defendants, their agents, employees, attorneys, and all persons and/or entities acting for, with, by, through, or in concert or participation with him from claiming that Plaintiff and/or other sellers of the RainBuster 430 products infringe the '814 Patent;

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

11.     That this Court award Plaintiff damages against the Defendants in an amount to be determined at trial, together with prejudgment and postjudgment interest;

12.     That this Court award Plaintiff exemplary damages in an amount to be determined at trial under Cal. Civ. Code §3294(a);

13.     That this Court award Plaintiff its reasonable costs of suit and attorneys' fees;

14.     That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 35 U.S.C. § 285;

15.     That the present case be found exceptional and that attorneys' fees be awarded to Plaintiff under 15 U.S.C. §1117(a);

16.     That this Court award Plaintiff such other and further relief as the Court may deem just and proper.


Dated:  December 17, 2019                    ROZSA LAW GROUP L.C.


                                By:     /s/ Thomas I. Rozsa
                                        Thomas I. Rozsa
                                        Zsofia Nemeth
                                        Attorneys for Top Industrial, Inc.

ROZSA LAW GROUP LC
ATTORNEYS AT LAW
18757 BURBANK BOULEVARD, SUITE 220
TARZANA, CALIFORNIA 91356-3346
TELEPHONE (818) 783-0990

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff Top Industrial, Inc. hereby demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States and California Constitutions, statutes and laws.

Respectfully submitted:

Dated:  December 17, 2019          ROZSA LAW GROUP L.C.

By:     /s/ Thomas I. Rozsa
        Thomas I. Rozsa
        Zsofia Nemeth
        ROZSA LAW GROUP L.C.
        18757 Burbank Boulevard, Suite 220
        Tarzana, California 91356
        Tel. (818) 783-0990
        Fax (818) 783-0992
        E-mail: counsel@rozsalaw.com

        Attorneys for Top Industrial, Inc.